UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CRIMINAL #04-1809-CBS

UNITED STATES

v.

JOSEPH ALLEN

**DEFENDANT'S RESPONSE TO GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION TO REVOKE DETENTION ORDER**

**INTRODUCTION**

On August 6, 2004, the government filed a memorandum opposing defendant Joseph Allen's motion to revoke the detention order and be released on bail. The government does not claim that Allen would constitute a risk of flight if released. Rather, the government argues that its case against Allen is not as weak as the defendant contends and that he would constitute a danger to the community if released on any conditions. The government is mistaken.

## I.    THE WEIGHT OF THE EVIDENCE.

In analyzing the strength of its case against Allen, the government incorrectly states the

quantum of evidence necessary to convict him on a theory of aiding and abetting:

> The First Circuit has held that knowing presence or association, as
> opposed to mere presence or association, at or with a drug deal is
> sufficient for liability.

*Gov. Mem.* at 7.  In fact, the government must prove both that the defendant consciously shared the

principal's knowledge of the underlying criminal act and that he intended to assist the principal.

*United States v. Spinney*, 65 F.3d 231, 235 (1st Cir. 1995); *United States v. Taylor*, 54 F.3rd 967, 975

(1st Cir. 1995).  Affirmative action to facilitate the crime is necessary.  *United States v. Luciano-*

*Mosquera*, 63 F.3d 1142, 1150 (1st Cir. 1995) (18 U.S.C. § 924(c) case).  The *Pattern Criminal Jury*

*Instructions for the District Courts of the First Circuit* specifically states:

> Mere presence at the scene of the crime and knowledge that a crime
> is being committed is also not sufficient to establish aiding and
> abetting.

*Pattern Criminal Jury Instructions for the District Courts of the First Circuit* , § 4.02.

Applying the correct legal standard, characterizing the government's evidence against Allen

as "thin" is actually quite generous.  Allen is a lifelong resident of Gloucester who grew up with

many of the co-defendants.  The fact that Allen's name was mentioned or that he was observed on

a total of four occasions over the course of the government's eight-month long investigation adds

nothing to the quantum of evidence.

The only date on which Allen's conduct could arguably establish culpability is June 7, 2004,

when he was spotted standing outside a restaurant in Gloucester.  According to the government, a

drug deal was supposed to be taking place inside that restaurant.  In his probable cause ruling,

Magistrate Judge Swartwood described Allen's actions outside the restaurant as "consistent with Mr. Allen engaging in counter-surveillance of the area and informing Mr. Baldisano [the alleged dealer] that there appeared to be law enforcement officials in the area." Of course, Allen's conduct was also perfectly consistent with simply hanging around outside the restaurant waiting to be picked up, which he eventually was nearby. Later that same day, Allen was one of two passengers in a vehicle which picked the alleged drug dealer [Baldisano] up in Peabody after the deal was consummated.

It is hard to see how that evidence establishes either Allen's knowledge that a crime was going to be committed or his willful participation in that crime. Ultimately, of course, Allen's guilt or innocence of these offenses will be established at trial. Nevertheless, in a case with a dozen co-defendants unlikely to go to trial for many, many months, the paucity of evidence against Allen should be an important factor in the Court's determining whether or not he needs to be locked up for that extended period of time.

## II.    DANGEROUSNESS.

The government asserts that Allen is "incapable of complying with society's rules or with probationary conditions similar to what Allen is asking this Court to impose." *Gov. Mem.* at 9. In fact, Allen has never been asked to comply with strict conditions, including house arrest with electronic monitoring. That is what the defendant understands may be necessary under all the circumstances here, and he is prepared to comply with such conditions. Moreover, defendant's longtime girlfriend, Alicia Parisi, and her mother, Marie, who will be present at the hearing, are willing to serve as third-party custodians and to help ensure that defendant complies with any conditions of release which the Court may impose. In short, while Allen has a substantial prior record of convictions, that record should not deter the Court from imposing strict conditions of

-3-

release, rather than keeping the defendant locked up on these charges for the foreseeable future.

Respectfully submitted,

**JOSEPH ALLEN**
By his attorney,

James L. Sultan, BBO #488400
Rankin & Sultan
One Commercial Wharf North
Boston, MA 02110
(617) 720-0011

### CERTIFICATE OF SERVICE

I certify that I have served the foregoing document by faxing a copy to AUSA Michael Pelgro, US Attorney's Office, 1 Courthouse Way. Boston, MA 02210 at fax number (617) 748-3965 on August 9, 2004.

James L. Sultan

-4-